AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
10/19/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: DVE DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
Oct 19, 2026
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY Nancy Boehme
Deputy Clerk, U.S. District Court

United States of America

Plaintiff

v.

Francisco GUZMAN-Martinez,

Defendant.

Case No. 8:26-mj-00644-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 14, 2022, in the county of Orange, in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Griselda Cazales*
*Complainant's signature*

Griselda Grizales, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: October 19, 2026

*Judge's signature*

City and state: Santa Ana, California

The Hon. Douglas McCormick, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Elizabeth Bisland (X0319)

# AFFIDAVIT

I, Griselda Cazales, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Francisco GUZMAN-Martinez, ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF GRISELDA CAZALES

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, , since September 2018. Before I became an ICE DO, I was employed by the Federal Bureau of Prisons since April 2016. I have experience reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

4. I am currently assigned to the Homeland Security Investigations ("HSI") Integrated Operations Group Task Force ("Task Force"). As part of this Task Force, I investigate various immigration crimes with DHS agents and analysts, including from HSI and ICE Enforcement and Removal Operations ("ERO"). As a result of my collaboration with these DHS employees on this Task Force, I am familiar with DHS databases that are used to identify individuals who are subject to prosecution for federal crimes.

## III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

5. Based on my training and experience and communication with DHS employees on the Task Force, I know the following:

a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information with a specific individual.

b. Moreover, during immigration removal proceedings, when a person is fingerprinted by DHS agencies, such as ICE those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file

("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and/or information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

6. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV. STATEMENT OF PROBABLE CAUSE

7. On or about October 16, 2026, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on

defendant's biometric fingerprint information that, on the same date, he was arrested by San Luis Obispo County Sheriff's Office ("SLOCSO"), in San Luis Obispo County, within the Central District of California, for Driving with a Suspended or Revoked License with Driving Under the Influence Special Violation in violation of California Vehicle Code section 14601.2(a), Driving with a Suspended or Revoked License with Driving Under the Influence Special Violation of California Vehicle Code section 14601.2(a), Driving with a Suspended or Revoked License with Driving Under the Influence Special Violation in violation of California Vehicle Code section 14601.2(a), No Valid Registration on Motor Vehicle in violation of California Vehicle Code 4000(a)(1), and Possession of a Narcotic Controlled Substance in violation of California Health and Safety Code section11350(a).

8. Defendant is currently in custody with the SLOCSO. Based on my training and experience, it is essential to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removal history and unlawful reentry. Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance. Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.

9. I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

10. On or about October 19, 2026, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated with defendant's unique fingerprint identifiers that are contained in DHS indices. I learned the following about defendant's immigration history:

a. Defendant is a citizen and national of Mexico.

b. On or about February 21, 2020, defendant was ordered removed from the United States to Mexico. On or about February 21, 2020, defendant was physically removed from the United States to Mexico.

c. Since defendant's most recent physical removal from the United States noted above, defendant was initially found in the United States in the County of Orange, within the Central District of California, on September 14, 2022, based on a DHS database notification to the PERC following his arrest by the Huntington Beach Police Department on that same date for Driving Under the Influence of Alcohol in violation of California Vehicle Code section 23152(a).

d. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's

most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

## V. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 19th day of October 2026.

THE HONORABLEDOUGLAS MCCORMICK
UNITED STATES MAGISTRATE JUDGE